1

2

3                          UNITED STATES DISTRICT COURT
                           WESTERN DISTRICT OF WASHINGTON
4                                     AT TACOMA

5    J.D. JONES BARTON,

6                            Plaintiff,              No. C13-5382 BHS/KLS

7              v.
                                                     ORDER TO AMEND OR SHOW CAUSE
8    JOHN D. SNAZA, JAMES DOWNING,                   AND DENYING MOTION FOR
     GEORGE EATON, DEBORAH                           COUNSEL
9    THOMPSON, VALERIE PETERS,
     THREASA BECKER, TODD L. THOMA,
10   JON TUNHEIM, SCOTT M. JACKSON,
     OLIVIA ZHOU,
11
                             Defendants.
12

13          J.D. Jones Barton is a prisoner at the Thurston County Correctional Facility (TCCF).  His

14   *pro se* complaint names various employees of the TCCF and three Thurston County prosecutors.

15   Mr. Barton alleges that he has been denied access to courts and the freedom to practice his

16   religion in violation of the First Amendment, that he has been denied access to counsel in

17   violation of the Sixth Amendment, that his Fifth and Fourteenth Amendment due process rights

18   have been violated, that he has been subjected to cruel and unusual punishment in violation of

19   the Eighth Amendment, and that the defendants and "their respective state agencies current

20   practice, custom and policy" violate the "Separation of Powers Doctrine."  ECF No. 7.  Plaintiff

21   also filed a motion for the appointment of counsel.  ECF No. 8.

22

23          The Court declines to serve the complaint because it contains numerous deficiencies.

24   However, Plaintiff will be given an opportunity to explain why his complaint should not be

25   dismissed or, alternatively, to submit an amended complaint for the Court's review.

26

ORDER TO AMEND OR SHOW CAUSE- 1

**DISCUSSION**

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915A(b)(1), (2) and 1915(e)(2); *See Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).  A complaint is legally frivolous when it lacks an arguable basis in law or fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  Although complaints are to be liberally construed in a plaintiff's favor, conclusory allegations of the law, unsupported conclusions, and unwarranted inferences need not be accepted as true.  *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).  Neither can the court supply essential facts that an inmate has failed to plead. *Pena*, 976 F.2d at 471 (quoting *Ivey v. Board of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982)).

Based on the foregoing, Mr. Barton has failed to state a claim upon which relief may be granted under 42 U.S.C. § 1983.  First, it is noted that Mr. Barton has failed to properly link his claims of alleged constitutional violations with a particular defendant or defendants.

**A.     42 U.S.C. § 1983**

To state a claim under § 1983, a complaint must allege: (i) the conduct complained of was committed by a person acting under color of state law and (ii) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States.  *Wood*

ORDER TO AMEND OR SHOW CAUSE- 2

1  *v. Ostrander,* 879 F.2d 583, 587 (9th Cir. 1989).   To state a valid § 1983 claim, a plaintiff must

2  allege that he suffered a specific injury as a result of the conduct of a particular defendant, and he

3  must allege an affirmative link between the injury and the conduct of that defendant.  *Rizzo v.*

4  *Goode,* 423 U.S. 362, 371-72, 377 (1976).

5         In addition, liability under section 1983 cannot be predicated on the theory of *respondeat*

6  *superior*, that is, that a supervisor is liable for the wrongful acts of his subordinates.  *See Taylor*

7  *v. List*, 880 F.2d 1040, 1045 (9th Cir.1989).   Under section 1983, a supervisor may be liable only

8  if there exists either "(1) his or her personal involvement in the constitutional deprivation or (2) a

9  sufficient causal connection between the supervisor's wrongful conduct and the constitutional

10  violation." *Mackinney v. Nielsen*, 69 F.3d 1002, 1008 (9th Cir.1995).   A plaintiff may not seek

11  to impose liability on defendants merely upon position of authority, based on vague or other

12  conclusory allegations.  *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937 (2009).

13         The majority of Mr. Barton's allegations are of actions taken by "TCCF."  For example,

14  he alleges vaguely that TCCF refused to provide him with his legal boxes, TCCF refused him

15  access to his court-appointed attorney, TCCF illegally seized and search his legal materials.  *See,*

16  *e.g.,* ECF No. 7, pp. 4-6.  TCCF is not named as a party and normally an entity such as a jail

17  cannot be sued under §1983.  Rather the proper defendant would be Thurston County, a

18  municipality that can be sued under § 1983.  However, to hold a municipality liable, Mr. Barton

19  must allege facts showing that any constitutional deprivation he suffered was the result of a

20  custom or policy of TCCF.  *See Monell v. Dept. of Soc. Servs.,* 436 U.S. 658, 694, 98 S.Ct. 2018,

21  56 L.Ed.2d 611 (1978); *City of St. Louis v. Praprotnik*, 485 U.S. 112, 121 (1988) (quoting

22  *Monell*, 436 U.S. at 690).

ORDER TO AMEND OR SHOW CAUSE- 3

To state a valid § 1983 claim, Mr. Barton must allege that he suffered a specific injury as a result of the conduct of a particular defendant.  Therefore, he must name the individual state actor or actors who allegedly violated his constitutional rights.

The Court will grant Plaintiff an opportunity to file an amended complaint.  In the amended complaint, Plaintiff must write out short, plain statements telling the Court (1) the constitutional right Plaintiff believes was violated; (2) name of the person who violated the right; (3) exactly what that individual did or failed to do; (4) how the action or inaction of that person is connected to the violation of Plaintiff's constitutional rights; and (5) what specific injury Plaintiff suffered because of that person's conduct.  See *Rizzo v. Goode*, 423 U.S. 362, 371–72, 377, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976).  If the person named as a defendant was a supervisory official, Plaintiff must either state that the defendant personally participated in the constitutional deprivation (and tell the Court the five things listed above), or Plaintiff must state, if he can do so in good faith, that the defendant was aware of the similar widespread abuses, but with deliberate indifference to Plaintiff's constitutional rights, failed to take action to prevent further harm to Plaintiff and also state facts to support this claim. See *Monell,* 436 U.S. 658 at 691.

Plaintiff must repeat this process for each person he names as a defendant, including any "John Doe" and "Jane Doe" defendants.  If Plaintiff fails to affirmatively link the conduct of each named defendant with the specific injury suffered by Plaintiff, the claim against that defendant will be dismissed for failure to state a claim.  Conclusory allegations that a defendant or group of defendants have violated a constitutional right are not acceptable and will be dismissed.

ORDER TO AMEND OR SHOW CAUSE- 4

In the following paragraphs, the legal standards that appear to apply to Mr. Barton's claims are set forth.  Mr. Barton should carefully review the standards and amend only those claims that he believes, in good faith, are cognizable.

**1)      State Actors – Immunity**

Mr. Barton names Thurston County Prosecutor Jon Tunheim and Deputy Prosecutors Scott M. Jackson and Olivia Zhou.  ECF No. 7, at p. 3.  Despite their capacity as state actors, "certain government officials require absolute immunity from liability in order to enable them to function independently and effectively, without fear of intimidation or harassment."  *Fry v. Melaragno,* 939 F.2d 832, 835 (9th Cir. 1991).  Accordingly, judges, prosecutors, and officials performing "quasi-judicial" functions have absolute immunity from suit for acts performed in their official capacity.  *Id.* at 836 (citing *Mitchell v. Forsyth,* 472 U.S. 511, 520 (1985)).  State prosecutors are entitled to absolute prosecutorial immunity for acts taken in their official capacity.  *Buckley v. Fitzsimmons,* 509 U.S. 259, 273 (1993).  Absolute prosecutorial immunity would not apply where a prosecutor's acts are administrative or investigative in nature.  *Id.*

Mr. Barton alleges only that on April 22, 2013, he received notice from the Thurston County Prosecutor's office of new felony charges and that on May 3, 2012, his court appointed counsel advised him that the prosecutor's office and TCCF were "infuriated" with him for filing grievances and complaints against jail officers.  ECF No. 7, at pp. 8, 9.  Mr. Barton has failed to demonstrate that the prosecutors are exempt from immunity.  Mr. Barton must show cause why his complaint should not be dismissed as to these defendants.

**2)      Access to Courts**

Inmates have a fundamental constitutional right of access to the courts and prison officials may not actively interfere with Plaintiff's right to litigate.  *Lewis v. Casey*, 518 U.S. 343,

ORDER TO AMEND OR SHOW CAUSE- 5

346, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996); *Phillips v. Hust*, 588 F.3d 652, 655 (9th Cir.2009).

Courts have traditionally differentiated between two types of access claims, those involving the

right to affirmative assistance, and those involving inmate's right to litigate without active

interference. *Silva v. Di Vittorio*, 658 F.3d 1090, 1102 (9th Cir. 2011).

The right to assistance is limited to direct criminal appeals, habeas petitions, and civil

rights actions. *Lewis*, 518 U.S. at 354 (emphasis added).   Prisoners also have the right to pursue

claims, without active interference, that have a reasonable basis in law or fact.  *Silva*, 658 F.3d at

1103–04 (finding that repeatedly transferring the plaintiff to different prisons and seizing and

withholding all of his legal files constituted active interference).  This right forbids state actors

from erecting barriers that impede the right of access to the courts of incarcerated persons.  *Silva,*

658 F.3d at 1102 (internal quotations omitted).

Defendants' actions must have been the proximate cause of actual prejudice to the

plaintiff.  *Silva*, 658 F.3d at 1103–04.  To state a viable claim for relief, a plaintiff must show

that he suffered an actual injury, which requires "actual prejudice to contemplated or existing

litigation" by being shut out of court.  *Nevada Dep't of Corr. v. Greene*, 648 F.3d 1014, 1018

(9th Cir.2011) (citing *Lewis*, 518 U.S. at 348, 351); *Christopher v. Harbury*, 536 U.S. 403, 415,

122 S.Ct. 2179, 153 L.Ed.2d 413 (2002); *Phillips v. Hurst*, 588 F.3d 652, 655 (9th Cir. 2009).

Mr. Barton alleges that "TCCF" refused to give him access to his legal materials, refused

to provide him with writing papers, pencils, and photocopies, and illegally seized and searched

his legal materials.  ECF No. 7, pp. 5-6.  Although Mr. Barton seems to imply that the foregoing

hindered his access to court, he does not explain how.  As noted above, Mr. Barton must allege

what person, acting under color of state law, denied him access to court and how such denial

ORDER TO AMEND OR SHOW CAUSE- 6

1   caused him injury.  Without further explanation, the complaint fails to state a cause of action.  He

2   may amend his complaint to allege additional facts underlying this claim.

3         **3)    Legal Mail**

4         Mr. Barton alleges that H. Thompson "concealed a handwritten atty-client letter" which

5   was thereafter seized by some unknown individual and that H. Thompson read his confidential

6   papers.  ECF No. 7, p. 6.  He also alleges that his incoming mail was restricted by TCCF on

7   March 8, 2013 and that Sgt. Mills, Sgt. Becker, and H. Peters provided false statement regarding

8   the contents of the mail.  *Id.*, p. 7.

9

10        Prisoners retain a First Amendment right to send and receive mail.  *Witherow v. Paff*, 52

11  F.3d 264, 265 (9th Cir.1995) (*citing Thornburgh v. Abbott*, 490 U.S. 401, 407 (1989)).  Prison

12  officials may inspect non-legal mail for contraband without violating a prisoner's constitutional

13  rights.  *See Smith v. Boyd*, 945 F.2d 1041, 1043 (9th Cir.1991).  In contrast, "[legal] mail may be

14  opened in the presence of the addressee and ... prison officials can require both that the letters be

15  specially marked with the name and address of the attorney and that the attorney communicate

16  first with prison officials."  *Sherman v. McDougall*, 656 F.2d 527, 528 (9th Cir.1981) (citing

17  *Wolff v. MacDonald*, 418 U.S. 539, 575–77 (1974)).  "[M]ail from the courts, as contrasted to

18  mail from a prisoner's lawyer, is not legal mail."  *Keenan v. Hall*, 83 F.3d 1083, 1094 (9th

19  Cir.1996).  Additionally, an isolated instance or an occasional opening of legal mail outside of an

20  inmate's presence does not rise to the level of a constitutional violation.  *See Stevenson v.*

21  *Koskey*, 877 F.2d 1435, 1441 (9th Cir.1989).

22

23        Based on these allegations, the Court is unable to determine if Mr. Barton has stated a

24  viable claim.  He may amend his complaint with regard to this claim and should provide

25  additional facts from which it may be inferred that his constitutional rights were violated by any

26

ORDER TO AMEND OR SHOW CAUSE- 7

alleged inspection and/or restriction of his mail.  In addition, H. Thompson is not named as a defendant in the complaint.  Deborah Thompson is named as a defendant, but it is unclear whether this is the same individual.

### 4)      First Amendment – Freedom of Religion

Mr. Barton alleges that on February 11, 2013, two of his "personal religious (Asatru/Odinist) books" were confiscated by an unidentified person and that he was not therefore able to perform "a sacred worship/ritual/ceremonial rite" on February 14, 2013 and March 21, 2013.  ECF No. 7, pp. 6, 7.  He alleges that he grieved this issue and Sgt. Becker and H. Peters refused to give him his religious books because they were not deemed "Holy Books."  *Id.*

In order to implicate the Free Exercise Clause, the inmate's belief must be religious in nature and sincerely held.  See *Malik v. Brown,* 16 F.3d 330, 333 (9th Cir. 1994) (internal quotations and citation omitted); *Shakur v. Schriro,* 514 F.3d 878, 884-85 (9th Cir. 2008) (adopting the "sincerity test" set forth in *Malik, supra*).  Inmates with such beliefs have "[t]he right to exercise [their] religious practices and beliefs...."  *McElyea v. Babbitt,* 833 F.2d 196, 197 (9th Cir. 1987) (per curiam) (citing *O'Lone v. Estate of Shabazz,* 482 U.S. 342, 348 (1987).  A free exercise violation occurs when the defendants burden the practice of an inmate's religion by preventing the inmate from engaging in sincere religious conduct.  See *Freeman v. Arpaio,* 125 F.3d 732, 736 (9th Cir. 1997), *overruled in part by Shakur,* 514 F.3d at 885.  A mere inconvenience does not give rise to a violation; the burden imposed must be substantial.  *Freeman,* 125 F.3d at 737.

A restriction on an inmate's First Amendment religious rights is valid if it is reasonably related to legitimate penological interests.  *See O'Lone,* 482 U.S. at 349 (*quoting Turner v. Safley,* 482 U.S. 78, 89, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987)).  The burden is on the prison

ORDER TO AMEND OR SHOW CAUSE- 8

officials to prove that the restriction of the prisoner's exercise of religion was reasonably related to a legitimate penological objective. *See Ashelman v. Wawrzaszek*, 111 F.3d 674, 677–78 (9th Cir.1997) (applying test from *O'Lone and Turner* to determine reasonableness of decision denying Jewish prisoner's request for an all kosher diet).

Mr. Barton has not sufficiently alleged a violation of his First Amendment rights.  He has failed to allege that in taking a specific action, a prison official or officials knowingly placed a substantial burden on his ability to practice his religious beliefs.  He may amend his complaint to allege additional facts to support this claim.

### 5)      Sixth Amendment

Mr. Barton alleges that the Sixth Amendment pertains to allegations relating to his "attorney-client complete defense rights/privileges."  ECF No. 7, p. 10.  However, the Sixth Amendment right to counsel attaches only at the initiation of adversary criminal proceedings. *Davis v. United States*, 512 U.S. 452, 456-57, 114 S.Ct. 2350, 129 L.Ed.2d 362 (1994).  In this civil case, Mr. Barton is alleging only that "TCCF" denied him attorney-client visits "during a critical stage," and that prison officials seized and reviewed his confidential legal materials.  *See, e.g.,* ECF No. 7, p. 5.  While these allegations could possibly be construed as violations of Mr. Bartons' First Amendment rights to send and receive mail or interference with his access to courts (as discussed above), he has failed to provide sufficient detail for the Court to consider whether he has stated any such cognizable claim.

### 6)      Substantive Due Process

Mr. Barton also alleges that his due process rights have been violated.  ECF No. 7, p. 11. To establish a Fourteenth Amendment due process violation, Plaintiff must allege a deprivation of a liberty or property interest by the government without due process.  Property rights are

ORDER TO AMEND OR SHOW CAUSE- 9

defined by state law.  *Portman v. County of Santa Clara*, 995 F.2d 898, 904 (9th Cir.1993).

Further, to violate one's right to substantive due process, government officials must exercise "the

most egregious official conduct," such that their actions "shock the conscience."  *City of*

*Sacramento v. Lewis*, 523 U.S. 833, 846, 118 S.Ct. 1708, 140 L.Ed.2d 1043 (1998).

      Mr. Barton has not identified a deprivation of either property or liberty interest caused by

any of the named defendants.  Nor has he alleged egregious conduct that shocks the conscience.

Thus he has failed to allege the essential elements of a Fourteenth Amendment due process

claim.  He may amend his complaint as to this claim.  However, he should keep in mind that

"[w]here a particular Amendment 'provides an explicit textual source of constitutional

protection' against a particular sort of government behavior, 'that Amendment, not the more

generalized notion of "substantive due process," must be the guide for analyzing these claims.'"

*Albright v. Oliver*, 510 U.S. 266, 273, 114 S.Ct. 807, 127 L.Ed.2d 114 (1994) (*quoting Graham*

*v. Connor*, 490 U.S. 386, 395, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989)).  For example, the First

Amendment governs claims relating to the rights to receive and send mail, access the courts, and

exercise one's religion.  Thus, the First Amendment provides the explicit textual sources of

constitutional protection rather than a general claim of substantive due process.  Mr. Barton is

ordered to show cause why his generalized due process claim should not be dismissed.

      7)     **Eighth Amendment**

      Mr. Barton also alleges that his Eighth Amendment rights have been violated.  ECF No.

7, p. 10.  In this regard, he is advised that the Eighth Amendment imposes a duty upon prison

officials to provide humane conditions of confinement.  *Farmer v. Brennan*, 511 U.S. 825, 832,

114 S.Ct. 1970, 128 L.Ed.2d 811 (1994).  This duty includes ensuring that inmates receive

adequate food, clothing, shelter, and medical care, and taking reasonable measures to guarantee

ORDER TO AMEND OR SHOW CAUSE- 10

the safety of inmates.  *Farmer*, 511 at 832.  Mr. Barton does not explain how denial of access to

his legal papers, counsel, religious books, and other supplies implicates Eighth Amendment

concerns.  He must show cause why this claim should not be dismissed.

**8)   Separation of Powers**

Mr. Barton alleges vaguely that "these specific officers and their respective state agencies

current practice, custom and policy clearly violates the Separation of Powers Doctrine."  ECF

No. 7, at p. 11.

The principle of separation of powers is fundamental to our system of government in

which the legislature is to enact laws of general application, and courts are to decide particular

cases arising under those laws.  Legislative actions which contravene the principle of separation

of powers are unconstitutional.  *See Buckley v. Valeo*, 424 U.S. 1, 118–24, 96 S.Ct. 612, 681–84,

46 L.Ed.2d 659 (1976) (per curiam); *Chadha v. Immigration and Naturalization Service*, 634

F.2d 408, 420 (9th Cir., 1980); *In re Salary of Juvenile Director*, 87 Wash.2d 232, 552 P.2d 163

(1976).  It is not for the legislature to determine the rule of decision in a particular case, nor

otherwise unduly impact judicial power to decide pending cases.  *United States v. Klein*, 80 U.S.

(13 Wall.) 128, 146–47, 20 L.Ed. 519 (1872).

Even if it is assumed that Mr. Barton has standing to bring a "separation of powers"

claim in this § 1983 action, he has alleged no facts to support such a claim.  Mr. Barton is

directed to show cause why this claim should not be dismissed.

**B.   Motion for Appointment of Counsel – ECF No. 8**

Plaintiff has also filed a motion for the appointment of counsel.  ECF No. 8.  A district

court has discretion under 28 U.S.C. 1915(e)(1) to designate counsel to represent an indigent

civil litigant in exceptional circumstances.  See *Wilborn v. Escalderon,* 789 F.2d 1328, 1331 (9th

ORDER TO AMEND OR SHOW CAUSE- 11

Cir. 1986).  This requires evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved.  *See id.*  Neither of these factors is dispositive and both must be viewed together before deciding on a request for counsel.  Having considered both these factors, the Court concludes that exceptional circumstances requiring the appointment of counsel are not evident.

Although the Court has found that Plaintiff's complaint suffers from deficiencies, Plaintiff has demonstrated that he is able to articulate his claims in a clear fashion understandable to this Court.  This case does not involve complex facts, or law. This case will not require the use of experts or any other in-depth analysis or argument.  Plaintiff's incarceration does not increase the complexity of his case. "Most actions require development of further facts during litigation and a *pro se* litigant will seldom be in a position to investigate easily the facts necessary to support the case.  If all that was required to establish successfully the complexity of the relevant issues was a demonstration of the need for development of further facts, practically all cases would involve complex legal issues." *Wilborn*, 789 F.2d at 1331.

In addition, Plaintiff has made no showing that he is likely to succeed on the merits of his claim.  Therefore, his motion for counsel (ECF No. 8) is **DENIED.**

**C.**   **Deadline to Amend**

Due to the deficiencies described above, the Court will not serve the complaint.  Plaintiff may file an amended complaint **on or before June 28, 2013,** that shall cure, if possible, the above noted deficiencies.  Alternatively, Plaintiff may show cause why this matter should not be dismissed.

As explained above, the amended complaint must contain "a short and plain statement of the claim showing that [Plaintiff] is entitled to relief."  Fed.R.Civ.P. 8(a)(2).  **Plaintiff is advised**

ORDER TO AMEND OR SHOW CAUSE- 12

**that he should make a short and plain statement of claims against the defendants.  He may do so by listing his complaints in separately numbered paragraphs.  He should include facts explaining how each defendant was involved in the denial of his rights.**  The amended complaint shall be presented on the form provided by the Court.  The amended complaint must be **legibly rewritten or retyped in its entirety**, it should be an original and not a copy, it may not incorporate any part of the original complaint by reference, and it must be clearly labeled the "Amended Complaint" and must contain the same cause number as this case.  Plaintiff should complete all sections of the court's form.  Plaintiff may attach continuation pages as needed but may not attach a separate document that purports to be his amended complaint.

An amended complaint supersedes the original complaint.  *Forsyth v. Humana, Inc.,* 114 F.3d 1467, 1474 (9th Cir. 1997) *overruled in part on other grounds, Lacey v. Maricopa County,* 693 F.3d 896 (9th Cir. 2012).  Therefore, the amended complaint must be complete in itself without reference to the prior or superseded pleading.  All causes of action alleged in the original complaint that are not alleged in an amended complaint are waived.  *Forsyth,* 114 F.3d at 1474.

The Court will screen the amended complaint to determine whether it contains factual allegations linking each defendant to the alleged violations of Plaintiff's rights. The Court will not authorize service of the amended complaint on any Defendant who is not specifically linked to the violation of Plaintiff's rights.

If Plaintiff decides to file an amended civil rights complaint in this action, he is cautioned that if the amended complaint is not timely filed or if he fails to adequately address the issues raised herein no later than **June 28, 2013,** the Court will recommend dismissal of this action as frivolous pursuant to 28 U.S.C. § 1915 and the dismissal will count as a "strike" under 28 U.S.C.

ORDER TO AMEND OR SHOW CAUSE- 13

§ 1915(g).  Pursuant to 28 U.S.C. § 1915(g), enacted April 26, 1996, a prisoner who brings three or more civil actions or appeals which are dismissed on grounds they are legally frivolous, malicious, or fail to state a claim, will be precluded from bringing any other civil action or appeal in forma pauperis "unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

**The Clerk is directed to send Plaintiff the appropriate forms for filing a 42 U.S.C. 1983 civil rights complaint and for service, a copy of this Order and the General Order. Plaintiff's motion (ECF No. 8) is DENIED.**

**DATED** this  31st  day of May, 2013.

Karen L. Strombom
United States Magistrate Judge

ORDER TO AMEND OR SHOW CAUSE- 14