UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| J. D. JONES BARTON,<br><br>         Plaintiff,<br> v.<br><br>JOHN D. SNAZA, JAMES DOWNING, GEORGE EATON, DEBORAH THOMPSON, VALERIE PETERS, THREASA BECKER, TODD L. THOMA, JON TUNHEIM, SCOTT M. JACKSON, OLIVIA ZHOU,<br><br>         Defendants. | No. C13-5382 BHS/KLS<br><br>**ORDER DENYING MOTIONS** |

  Before the Court are Plaintiff's motions: (1) motion to consolidate cases (ECF No. 24), (2) motion for order "transferring ECF for review hearing" (ECF No. 26), (3) motion for reconsideration (ECF No. 27), (4) motion to compel service (ECF No. 28), and (5) motion to compel defendants (ECF No. 30).  Plaintiff filed an amended complaint and a response to the Order to Show Cause on July 5, 2013.  ECF Nos. 13 and 14.  On the same day, he filed a Motion to Recuse the undersigned.  ECF No. 17.  This matter was stayed while the motion to recusal was considered by Chief Judge Marsha J. Pechman.  ECF No. 19.  On July 31, 2013, Plaintiff's motion for recusal was denied.  ECF No. 21.

  The Court has not directed service of Plaintiff's amended complaint.  The viability of the second amended complaint is the subject of a separate Order.  Plaintiff's motions are addressed as follows:

ORDER - 1

**A.     Motion to Consolidate (ECF No. 24)**

Mr. Barton and another inmate, Daniel J. Kearney have filed a number of motions/notices as joint or consolidated pleadings.  Mr. Kearney has also filed a § 1983 case in this Court naming similar parties.  *Kearney v. Snaza, et al.,* Case No. C13-5383 RJB/JRC.  One of the joint motions is entitled "notice consolidating plaintiff's outgoing legal mail impediment [sic] barrier."  The Court interprets this motion as one seeking to consolidate the two actions.  By Order dated August 14, 2013, the Clerk was directed to return the remaining "joint" filings to Mr. Kearney, whose name and return address are on the envelope in which the filings were sent to the Court.  (ECF No. 44 in Case No. C13-5383RJB/JRC).

With regard to the motion to consolidate (ECF No. 24), the Court declines to grant the motion.  The viability of Plaintiff's Amended Complaint is the subject of a separate Order.  Thus, there is no active complaint in this case and at this time, there are no grounds warranting consolidation of the two cases.

**B.     Motion for Order Transferring ECF for Review Hearing (ECF No. 26)**

In this motion, Plaintiff asks that the Court issue an order for the Clerk to provide various documents from the Court's docket for the "review hearing" as "evidence needed for court proceedings."  ECF No. 26.  There is no pending "review hearing" and documents in the record need not be provided to the Court.  This motion (ECF No. 26) is denied.

**C.     Motion for Reconsideration of Order No. 23 (ECF No. 27)**

Plaintiff seeks reconsideration of this Court's Order (ECF No. 23) dated August 5, 2013, in which the Court denied Plaintiff's request that the Clerk provide him with copies of everything that he files in this case.  Plaintiff argues that the Court's Order constitutes manifest error as he has no means of procuring the copies himself.  ECF No. 27.

ORDER - 2

Motions for reconsideration are disfavored and will be denied absent a showing of manifest error or a showing of new facts or legal authority which could not have been presented earlier with reasonable diligence.  *See* Rule 7(h) of the Local Rules W.D. Wash.  The standard has not been met in this case and therefore, Plaintiff's motion for reconsideration (ECF No. 27) is denied.

**D.      Motion to Compel Service (ECF No. 28)**

In this motion, Plaintiff seeks an order directing service of his Amended Complaint.  ECF No. 28.  The viability of Plaintiff's Amended Complaint is the subject of a separate Order.  Therefore, the relief sought by Plaintiff in this motion is premature and is denied.

**E.      Motion to Compel Defendants (ECF No. 30)**

Plaintiff moves the Court to issue an order compelling defendants to allow him to make photocopies.  ECF No. 30.  This motion is premature as the Court has not yet directed service of a complaint in this action and the Court, therefore, has no jurisdiction over the defendants.

**F.      Filing of "Notices"**

Plaintiff also filed "Notice of Motion Docket," Notice of Review of Prejudice," and "Re-Notice of Related Case."  ECF Nos. 25, 29, and 31.  The Court conducts business in a case by motion practice.  If a plaintiff wishes the Court to take any action in his case, he must file a motion properly brought to the Court's attention by labeling it as a "motion."  The motion must be noted for hearing and a copy served on counsel for any party that has appeared.  *See* Rule 7(d) Local Rules W.D. Wash.  Pursuant to Fed. R. Civ. P. 5(d), Plaintiff is also required to attach and file a certificate of service stating that he has served all Defendants with the pleading and/or motion every time he files and serves a document.  Unless otherwise ordered by the

ORDER - 3

Court, all motions will be decided without oral argument and parties are not to appear on the date the motion is noted unless directed.  Rule 7(b)(4), Local Rules W.D. Wash.

Plaintiff's "notices" are actually improper *ex parte* motions.  The Court will take no action with regard to such filings.

Accordingly, it is **ORDERED:**

(1)   Plaintiff's motions (ECF Nos. 24, 26, 27, 28, and 30) are **DENIED.**

(2)   The Clerk is directed to send a copy of this Order to Plaintiff.

**DATED** this 19th day of August, 2013.

Karen L. Strombom
United States Magistrate Judge

ORDER - 4