UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| J. D. JONES BARTON,<br><br>                Plaintiff,<br><br>   v.<br><br>JOHN D. SNAZA, JAMES DOWNING, GEORGE EATON, DEBORAH THOMPSON, VALERIE PETERS, THREASA BECKER, TODD L. THOMA, JON TUNHEIM, SCOTT M. JACKSON, OLIVIA ZHOU,<br><br>                Defendants. | No. C13-5382 BHS/KLS<br><br>**ORDER DENYING MOTIONS** |

      Plaintiff has filed numerous motions: (1) motion to stay show cause motion (ECF No. 36), (2) motion for court-appointed counsel (ECF No. 39), (3) motion for order directing service (ECF No. 40), (4) motion for Clerk's papers (ECF No. 41), and (5) motion to compel (ECF No. 42). On August 19, 2013, the Court issued a Second Order to Amend or Show Cause in which Plaintiff was ordered to file an amended complaint or to show cause why his complaint should not be dismissed for failure to state a claim. ECF No. 35. Plaintiff's response to that Order is due September 27, 2013. *Id.* Therefore, there is no viable 42 U.S.C. § 1983 complaint pending in this case and all of Plaintiff's motions are premature. The motions are addressed further as follows:

**A.    Motion to Stay Show Cause (ECF No. 36)**

      Plaintiff asks that the Court grant a stay of this matter and to issue various orders to the clerk and to defendants, and to subpoena the Thurston County Prosecutors Office for full

ORDER - 1

disclosure of "illegally seized legal papers." Plaintiff alleges that unknown individuals are delaying and tampering with his letters to his criminal defense counsel and are removing documents from his mailings to the Court.

Plaintiff has not yet filed a viable complaint in this matter. Therefore, no defendants have been served and the Court lacks jurisdiction over the defendants. Plaintiff's motion is denied. Plaintiff is directed to respond to the Court's Second Order to Amend or Show Cause (ECF No. 35) **on or before September 27, 2013.** Plaintiff is directed to turn his attention and efforts to filing a viable complaint so that this matter can proceed. If he fails to do so within the time allotted, the Court will recommend that this case be dismissed.

**B.     Motion for Court-Appointed Counsel (ECF No. 39)**

No constitutional right exists to appointed counsel in a § 1983 action. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). *See also United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is discretionary, not mandatory.") However, in "exceptional circumstances," a district court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1) (formerly 28 U.S.C.§ 1915(d)). *Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds,* 154 F.3d 952 (9th Cir. 1998) (emphasis supplied.) To decide whether exceptional circumstances exist, the court must evaluate both "the likelihood of success on the merits [and] the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). A plaintiff must plead facts that show he has an insufficient grasp of his case or the legal issue involved and an inadequate ability to

ORDER - 2

articulate the factual basis of his claim. *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004).

That a *pro se* litigant may be better served with the assistance of counsel is not the test. *Rand*, 113 F.3d at 1525. Moreover, the need for discovery does not necessarily qualify the issues involved as "complex." *Wilborn,* 789 F.2d at 1331. Most actions require development of further facts during litigation. But, if all that was required to establish the complexity of the relevant issues was a demonstration of the need for development of further facts, then practically all cases would involve complex legal issues. *Id.*

Plaintiff requests the appointment of counsel because he is indigent and has been unable to find counsel to take his case. ECF No. 39. These are not exceptional circumstances. The Court has declined to serve Plaintiff's complaint at this time as it is deficient, but Plaintiff is being given an opportunity to amend his complaint. Based on Plaintiff's allegations, however, the Court notes that this is not a complex case involving complex facts or law. In addition, Plaintiff has failed to show that he is likely to succeed on the merits of his case except to state in conclusory fashion that his case has merit.

Plaintiff is also reminded that his case **has not** been consolidated with that of *Kearney v. Snaza, et al.,* Case No. C13-5383 RJB/KLS. Plaintiff's reference to pleadings filed in that case are not applicable here. By Order dated August 14, 2013, all "joint" filings were returned to Mr. Kearney. (*See* ECF No. 44 in Case No. C13-5383RJB/JRC).

**C.     Motion for Order Directing Service (ECF No. 40)**

In this motion, Plaintiff seeks an order directing the Clerk to provide copies of his filings to all defendants. ECF No. 40. Plaintiff states that he has no means to make photocopies of his filings. *Id.* Plaintiff is again advised that there is no viable complaint in this matter and

ORDER - 3

therefore, no defendants have been served. Thus, Plaintiff's motion is premature and will be denied. Plaintiff is further advised that after he complies with the Court's Second Order to Show Cause and assuming he submits a viable 42 U.S.C. § 1983 complaint, the Court will direct that the complaint be served on the defendants. After defendants have been served and counsel has appeared on behalf of the defendants, counsel may access the Court's docket to obtain copies of all matters filed to date. Thereafter, if Plaintiff files a motion, he must file the motion with the Court and serve one copy on opposing counsel. If he cannot obtain copies of his motion within the Thurston County Jail, he may have someone outside the jail make copies for him or he may handwrite the appropriate number of copies for service.

**D.     Motion for Order of Clerk's Papers (ECF No. 41)**

In this motion, Plaintiff moves the Court to order the Clerk to designate as part of the record herein, his "consolidated pleadings within *Kearney v. Snaza, et al.,* Case No. C13-5383 RJB/KLS." As noted above, Plaintiff's case has not been consolidated with any other case and the filing of "consolidated pleadings" are inappropriate.

**E.     Motion to Compel Defendants (ECF No. 42)**

Plaintiff moves the Court to issue an order compelling defendants to provide pleadings which he alleges were "illegally confiscated" from an envelope on June 26, 2013. ECF No. 42. This motion is premature as the Court has not yet directed service of a complaint in this action and the Court, therefore, has no jurisdiction over the defendants.

Accordingly, it is **ORDERED:**

(1)     Plaintiff's motions (ECF Nos. 36, 39, 40, 41, and 42) are **DENIED. Plaintiff is directed to file no further motions with the Court until he has responded to the Court's**

ORDER - 4

**Second Order to Amend or Show Cause (ECF No. 35).  Failure to comply with this directive will result in a recommendation that this matter be dismissed.**

(2) The Clerk is directed to send a copy of this Order to Plaintiff.

**DATED** this 28th day of August, 2013.

Karen L. Strombom
United States Magistrate Judge

ORDER - 5