1

2

3

4

5

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

6

J.D. JONES BARTON,

7

Plaintiff,

8

v.

No. C13-5382 BHS/KLS

9

JOHN D. SNAZA, JAMES DOWNING,
GEORGE EATON, DEBORAH
THOMPSON, VALERIE PETERS,
THREASA BECKER, TODD L.
THOMA, JON TUNHEIM, SCOTT M.
JACKSON, OLIVIA ZHOU,

**REPORT AND RECOMMENDATION**
**Noted For: October 25, 2013**

10

11

12

13

Defendants.

14

Plaintiff J.D. Jones Barton is a prisoner at the Thurston County Correctional Facility

15

(TCCF).  His *pro se* complaint names various employees of the TCCF and three Thurston

16

17

County prosecutors.  Mr. Barton alleges that he has been denied access to courts and the freedom

to practice his religion in violation of the First Amendment, that he has been denied access to

18

19

counsel in violation of the Sixth Amendment, that his Fifth and Fourteenth Amendment due

20

process rights have been violated, that he has been subjected to cruel and unusual punishment in

21

violation of the Eighth Amendment, and that the defendants and "their respective state agencies

22

current practice, custom and policy" violate the "Separation of Powers Doctrine." ECF No. 7.

23

Plaintiff also filed a motion for the appointment of counsel.  ECF No. 8.

24

On May 31, 2013, this Court declined to serve the complaint, noting several deficiencies,

25

26

but provided Mr. Barton an opportunity to file an amended complaint or show cause why his

REPORT AND RECOMMENDATION - 1

1   complaint should not be dismissed for failure to state a claim under 28 U.S.C. § 1983.  ECF No.

2   9.  The Court also denied the motion for appointment of counsel.  *Id.*  Mr. Barton was given an

3   extension of the original deadline to respond to the Court's Order.  ECF No. 12.  On July 5,

4   2013, following an extension of his deadline to do so, Mr. Barton filed an amended complaint,

5   response to order to show cause, motion for copies without cost, motion for reconsideration of

6   the Court's order denying the appointment of counsel, and a motion to recuse the undersigned.

7   ECF Nos. 13-17.  The motion to recuse was denied by Chief Judge Pechman.  ECF No. 21.  The

8   undersigned denied the remaining motions.  ECF Nos. 22 and 23.

9

10          On August 7 and 13, 2013, Plaintiff filed a motion to consolidate cases, motion for order

11  transferring ECF for review hearing, motion for reconsideration, motion to compel, notice for

12  review of prejudice, and motion to compel.  ECF Nos. 24-31.  The motions were denied.  ECF

13  No. 34.  The Court explained to Plaintiff that it had not yet directed service of Plaintiff's

14  amended complaint and that the second amended complaint was deficient.  *Id.*   On August 19,

15  2013, the Court issued a second order to amend or show cause.  ECF No. 35.  In response,

16  Plaintiff filed another series of meritless motions.  EF Nos. 36, 39, 40, 41, and 42.  The motions

17  were denied.  ECF No. 45.  The undersigned again advised Plaintiff that there is no viable

18  complaint in this matter and therefore, no defendants have been served.  Consequently,

19  Plaintiff's motions were either without merit or premature.  Plaintiff was directed to comply with

20  the Court's second order to amend or show cause.  ECF No. 45.

21          The Court has repeatedly advised Mr. Barton that his failure to file an amended

22  complaint or adequately address the deficiencies noted would result in a recommendation that his

23  case be dismissed as frivolous and counted as a "strike" under 28 U.S.C. § 1915(g).  *See, e.g.,*

24  ECF No. 35, p. 13.

25

26

REPORT AND RECOMMENDATION - 2

1

2

3

In response, Mr. Barton filed another motion to stay.  ECF No. 46.  In this motion, Mr.

Barton asks the Court to stay his civil rights action while he pursues state court adjudication of

his 2008 criminal case.  ECF No. 46.

4

5

6

7

Having reviewed the complaint, subsequent motions, and record, the Court recommends

that Mr. Barton's complaint be dismissed prior to service without prejudice and that the

dismissal count as a strike under 28 U.S.C. § 1915(g).

8

**DISCUSSION**

9

10

11

12

13

14

15

16

Complaints such as Mr. Barton's are subject to the court's *sua sponte* review under

provisions of the Prison Litigation Reform Act of 1995 ("PLRA"), Pub.L. No. 104–134, 110

Stat. 1321 (1996).  *See* 28 U.S.C. § 1915A(a).  The court shall dismiss such a complaint, at any

time, if the court finds that it (1) is frivolous or malicious, (2) fails to state a claim on which

relief may be granted, or (3) seeks monetary relief from a defendant immune from such relief.

See 28 U.S.C. § 1915(e)(2)(B) (in forma pauperis complaints); *Lopez v. Smith*, 203 F.3d 1122,

1126–27 and n. 7 (9th Cir.2000) (en banc).

17

18

19

20

21

22

23

24

25

The same standard is applied in PLRA review for failure to state a claim and in reviewing

a motion to dismiss under Fed.R.Civ.P. 12(b)(6*).  See Barren v. Harrington*, 152 F.3d 1193,

1194 (9th Cir.1998).  A complaint is properly dismissed under Rule 12(b)(6) unless it contains

"enough facts to state a claim to relief that is plausible on its face."  *Coto Settlement v.*

*Eisenberg*, 593 F.3d 1031, 1034 (9th Cir.2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 697

(2009).  Well-pleaded factual allegations are taken as true, but conclusory statements or "bare

assertions" are discounted.  *See Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir.2012*); see*

*also Iqbal,* 556 U.S. at 681.

26

REPORT AND RECOMMENDATION - 3

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

If the court finds that a complaint should be dismissed for failure to state a claim, the court may dismiss with or without leave to amend. *Lopez*, 203 F.3d at 1126–30. Leave to amend should be granted if it appears that defects can be corrected, especially if the plaintiff is appearing pro se. *Id*. at 1130–31; *see also Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir.1995). If, after careful consideration, it is clear that a complaint cannot be cured by amendment, the court may dismiss without leave to amend. *Cato*, 70 F.3d at 1107–11.

**A.    Rule 8(a) Short and Plain Statement**

Mr. Barton's amended complaint (ECF No. 13), which supercedes his original complaint (ECF No. 7), should be dismissed for failure to comply with Rule 8. Rule 8 requires the pleader to set forth his averments in a simple, concise, and direct manner. *See McNeil v. United States*, 508 U.S. 106, 113 (1993) (federal rules apply to all litigants, including prisoners lacking access to counsel); *Crawford–El v. Britton*, 523 U.S. 574, 598 (1998) (encouraging "firm application" of federal rules in prisoner cases); *McHenry v. Renne*, 84 F.3d 1172, 1177–78 (9th Cir.1996) (affirming Rule 8 dismissal of complaint that was "argumentative, prolix, replete with redundancy, and largely irrelevant" and providing an example of a properly-pleaded claim, which could be "read in seconds and answered in minutes").

Mr. Barton fails to provide a short and plain statement of the claim showing that he is entitled to relief. In his twenty-eight page, single-spaced, and handwritten complaint, accompanied by 284 pages of exhibits, he names thirteen defendants who have allegedly engaged in a multitude of "impedment [sic] barriers" over more than a year relating to the conduct of one or more of Mr. Barton's criminal cases. Due to rambling and unfocused nature of Mr. Barton's allegations, the Court is unable to reasonably discharge its screening responsibility

REPORT AND RECOMMENDATION - 4

1   under § 1915A until Mr. Barton complies with the pleading requirements set forth in Rule 8.

2   Despite being given several opportunities to do so, Mr. Barton has failed to provide a short and

3   plain statement of the claim showing that he is entitled to relief.  Dismissal of his complaint

4   without prejudice is therefore proper.

5       In addition, Mr. Barton's amended complaint may be dismissed for failure to state a

6   viable Section 1983 claim.

7

8   **B.      Thurston County Prosecutors - Immunity**

9       Mr. Barton names Thurston County Prosecutor Jon Tunheim and Deputy Prosecutors

10  Scott M. Jackson and Olivia Zhou.  ECF No. 13.  The Court previously advised Mr. Barton that

11  state prosecutors are entitled to absolute prosecutorial immunity for acts taken in their official

12  capacity. *Buckley v. Fitzsimmons,* 509 U.S. 259, 273 (1993); *Imbler v. Pachtman,* 424 U.S. 409,

13  430 (1976) (Prosecutorial immunity protects eligible government officials who perform

14  functions "intimately associated with the judicial phase of the criminal process.")

15

16      Mr. Barton alleges that the prosecutors named in his amended complaint were aware that

17  Mr. Barton believed that he was being denied access to his legal materials and a speedy trial, and

18  that they misrepresented facts in his criminal case.  *See e.g.,* ECF No. 13, pp. 6 and 18.  These

19  facts do not demonstrate that the prosecutors are exempt from immunity.  Mr. Barton was given

20  several opportunities to explain why he should be allowed to proceed against these defendants

21  despite federal law to the contrary but has failed to do so.

22

23  **C.      Thurston County Sheriff and Deputies**

24      Mr. Barton alleges that the Thurston County Sheriff and various deputies failed to

25  provide him with access to his legal materials, prevented him from making photocopies, failed to

26  allow him to visit with his attorney, searched his cell and confiscated his legal materials,

REPORT AND RECOMMENDATION - 5

searched his confidential legal papers (including an "attorney-client letter"), rejected an

incoming mailing that contained a civil rights complaint form, refused to provide him with

writing paper and pencils, prohibited his counsel from providing him with sticky notes, pens, and

"white-out," searched his confidential legal materials, refused to process his grievance regarding

the withholding of his in-coming mail, prevented him from making copies for his arraignment.

ECF No. 13.  These events apparently occurred primarily during Mr. Barton's criminal case,

Thurston County Superior Court Case No. 08-1-00727-1, where he had been granted leave to

withdraw his guilty plea.  *Id.*, at p. 6.  Mr. Barton was represented by counsel in his criminal

case, which appears to be ongoing.  His specific allegations against the Thurston County

Defendants are addressed below:

> 1)      **Access to Courts**

Mr. Barton's allegations regarding access to his legal paperwork, supplies, attorney-client

visitations, and photocopies are interpreted as a violation of his right to access the courts.  He

was previously advised that he had failed to state a viable access to courts claim because he

failed to articulate any actual injury.

Inmates have a fundamental constitutional right of access to the courts and prison

officials may not actively interfere with Plaintiff's right to litigate. *Lewis v. Casey*, 518 U.S. 343,

346 (1996).  The right to assistance is limited to direct criminal appeals, habeas petitions, and

civil rights actions.  *Lewis*, 518 U.S. at 354 (emphasis added).  Prisoners also have the right to

pursue claims, without active interference, that have a reasonable basis in law or fact.  *Silva v. Di

Vittorio*, 658 F.3d 1090, 1103-4 (9th Cir. 2011).  This right forbids state actors from erecting

barriers that impede the right of access to the courts of incarcerated persons.  *Id.* at 1102.

However, to state a viable claim for relief, a plaintiff must show that he suffered an actual injury,

REPORT AND RECOMMENDATION - 6

which requires "actual prejudice to contemplated or existing litigation" by being shut out of court. *Nevada Dep't of Corr. v. Greene*, 648 F.3d 1014, 1018 (9th Cir.2011) (citing *Lewis*, 518 U.S. at 348, 351.

Mr. Barton alleges that he has been denied access to his legal materials, writing paper, pencils, and photocopies and that as a result, he was denied a speedy trial.  However, it is unclear how the lack of these materials led to this result.  In his amended complaint, Mr. Barton states that the Washington Court of Appeals granted him leave to withdraw his guilty plea in Thurston County Superior Court Case No. 08-1-00727-1 on July 17, 2012.  ECF No. 13 at p. 6.  After several hearings, where he was apparently represented by counsel (who withdrew and was replaced during this time), Mr. Barton withdrew his plea on December 20, 2012.  *Id.* at p. 9.  Mr. Barton claims that he was unable to withdraw his plea sooner because defendants refused him access to his legal documents and because they would not allow him to make copies of documents to present to the Court.  Mr. Barton does not explain what those documents were or how his inability to make copies of the unidentified documents related to a delay in the withdrawal of his plea.  It is also unclear how a delay in the withdrawal of a guilty plea resulted in a violation of Mr. Barton's right to a speedy trial, or how Mr. Barton was otherwise harmed by these "impedment [sic] issues."

Mr. Barton also alleges that the Thurston County Jail maintains a policy that correction staff are not allowed to make photocopies of inmate legal documents and that this policy violates his right to access the courts.  For example, he complains that when he asked to make photocopies prior to his arraignment, he was refused and was told to look to his counsel for assistance.  While it is possible that failure to provide postage and photocopies might lead to a finding that a prisoner has been denied access to the courts, it must be shown that the proceeding

REPORT AND RECOMMENDATION - 7

involves access to the courts. *See, Sands*, 886 F.2d at 1170. Mr. Barton has not met his burden of showing an actual injury here - an instance in which he was actually denied access to the courts because of this policy.

In addition to the above deficiencies, it appears that Mr. Barton's state court criminal proceedings are ongoing. *See* ECF No. 13 at Exhibit 2, p. 13 (5/22/13 Notice of Trial Date of 10/30/13). Generally, the federal courts will not intervene in a pending state court criminal proceeding absent extraordinary circumstances where the danger of irreparable harm is both great and immediate. *See Younger v. Harris*, 401 U.S. 37 (1971). "[O]nly in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from and the case concluded in the state courts." *Drury v. Cox*, 457 F.2d 764, 764–65 (9th Cir.1972) (per curiam); *see also Carden v. Montana*, 626 F.2d 82, 83–84 (9th Cir.1980). Mr. Barton has made no showing of extraordinary circumstances that would justify this Court's intervention in his ongoing state court criminal proceedings.

It is apparently in conjunction with this state court proceeding that Mr. Barton now requests a stay of this action. Such a stay is not warranted as Mr. Barton has not stated a viable claim under § 1983 and there is no active complaint.

**2)      Legal Mail**

Mr. Barton alleges that he received mail rejection notices on at least two occasions, on March 8, 2013 ("DOJ approved print-outs and civil rights form") and June 21, 2013 ("materials printed from the internet"), and that he protested the rejection of his mail in grievances. ECF No. 13 at pp. 13-14 and 22; 18-19. He also alleges generally of "unknown officers continuously

REPORT AND RECOMMENDATION - 8

refusing to provide [him] with his incoming legal mail as provided to all other inmates." *Id.* at p. 18.

Prisoners have a First Amendment right to send and receive mail. *Witherow v. Paff*, 52 F.3d 264, 265 (9th Cir.1995) (per curiam). A prison may adopt regulations that infringe on an inmate's constitutional rights if those regulations are "reasonably related to legitimate penological interests." *Turner v. Safley*, 482 U.S. 78, 89 (1987).  Restrictions on incoming mail are given closer scrutiny than those on outgoing mail, as internal mail has an obvious effect on the internal environment of a prison, while outgoing mail poses less threat to prison security. *Thornburgh v. Abbott*, 490 U.S. 401, 413–14 (1989).

Prison officials have a legitimate penological interest in inspecting an inmate's outgoing mail.  *Witherow*, 52 F.3d at 265.  Regulation of both incoming and outgoing mail is justified to prevent criminal activity and to maintain prison security.  *O'Keefe v. Van Boening*, 82 F.3d 322, 326 (9th Cir.1996).  Prison officials may justifiably censor out-going mail containing information about proposed criminal activity and may also visually inspect outgoing mail to determine whether it contains contraband material which threatens prison security or material threatening the safety of the recipient.  *See Procunier v. Martinez*, 416 U.S. 396, 413 (1974); *Witherow*, 52 F.3d at 266.

Prison officials may inspect non-legal mail for contraband without violating a prisoner's constitutional rights.  *See Smith v. Boyd*, 945 F.2d 1041, 1043 (9th Cir.1991).  In contrast, "[legal] mail may be opened in the presence of the addressee and ... prison officials can require both that the letters be specially marked with the name and address of the attorney and that the attorney communicate first with prison officials." *Sherman v. McDougall*, 656 F.2d 527, 528 (9th Cir.1981) (citing *Wolff v. MacDonald*, 418 U.S. 539, 575–77 (1974)).  "[M]ail from the

REPORT AND RECOMMENDATION - 9

courts, as contrasted to mail from a prisoner's lawyer, is not legal mail." *Keenan v. Hall*, 83 F.3d 1083, 1094 (9th Cir.1996).  An isolated instance or an occasional opening of legal mail outside of an inmate's presence does not rise to the level of a constitutional violation.  *See Stevenson v. Koskey*, 877 F.2d 1435, 1441 (9th Cir.1989).

Prisoners are entitled to certain procedural safeguards with regard to the rejection of their mail. The "minimum procedural safeguards" are: (1) notifying the inmate that the mail was seized; (2) allowing the inmate a reasonable opportunity to protest the decision; and (3) referring any complaints to a prison official other than the one who seized the mail.  *Martinez*, 416 U.S. at 417–18.

Mr. Barton acknowledges that he received notice of the mail rejections and that he had an opportunity to grieve those rejections.  He also alleges that the rejected mail contained non-privileged materials.  Despite being given several opportunities to do so, Mr. Barton has failed to identify who is continuously refusing to provide him with his "incoming legal mail" and does not identify the nature of the mail or when these refusals occurred.  This claim should be dismissed.

**3)       First Amendment – Freedom of Religion**

Mr. Barton alleges that in February 2013, two of his "personal religious (Asatru/Odinist) books" were confiscated by an unidentified person and that he was not therefore able to perform an identified "solitary" "sacred worship/ritual/ceremonial rite within his cell" "as transcribed within his two books" on February 14, 2013 (Freya/Vali Feast), March 21, 2013 ("Ostara"), and May 13, 2013 ("Merry Moon").  He alleges that he grieved this issue and Sgt. Becker and H. Peters refused to give him his religious books because they were not deemed "Holy Books."  *See e.g.* ECF No. 13 at pp. 27-28.

REPORT AND RECOMMENDATION - 10

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

In order to implicate the Free Exercise Clause, the inmate's belief must be religious in nature and sincerely held.  See *Malik v. Brown,* 16 F.3d 330, 333 (9th Cir. 1994) (internal quotations and citation omitted); *Shakur v. Schriro,* 514 F.3d 878, 884-85 (9th Cir. 2008) (adopting the "sincerity test" set forth in *Malik, supra*).  Inmates with such beliefs have "[t]he right to exercise [their] religious practices and beliefs...." *McElyea v. Babbitt,* 833 F.2d 196, 197 (9th Cir. 1987) (per curiam) (citing *O'Lone v. Estate of Shabazz,* 482 U.S. 342, 348 (1987)).  A free exercise violation occurs when the defendants burden the practice of an inmate's religion by preventing the inmate from engaging in sincere religious conduct. See *Freeman v. Arpaio,* 125 F.3d 732, 736 (9th Cir. 1997), *overruled in part by Shakur,* 514 F.3d at 885.  A mere inconvenience does not give rise to a violation; the burden imposed must be substantial. *Freeman,* 125 F.3d at 737.

A restriction on an inmate's First Amendment religious rights is valid if it is reasonably related to legitimate penological interests.  *See O'Lone*, 482 U.S. at 349 (*quoting Turner v. Safley*, 482 U.S. 78, 89, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987)).  The burden is on the prison officials to prove that the restriction of the prisoner's exercise of religion was reasonably related to a legitimate penological objective.  *See Ashelman v. Wawrzaszek*, 111 F.3d 674, 677–78 (9th Cir.1997) (applying test from *O'Lone and Turner* to determine reasonableness of decision denying Jewish prisoner's request for an all kosher diet).

Mr. Barton was given several opportunities to amend his complaint as to this claim to include factual allegations relating to the alleged violation of his religious rights and to specifically identify the individual(s) who allegedly violated his religious rights.  He has failed to do so and this claim should be dismissed.

REPORT AND RECOMMENDATION - 11

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**(4)    Cell Search**

Mr. Barton alleges that he was subjected to an unlawful search of his cell and received an infraction.  ECF No. 13 at p. 11.  The search of Mr. Barton's cell does not provide the basis for a violation of his federal constitutional rights.  Inmates have no reasonable expectation of privacy in their cells or their possessions inside their cells.  *Hudson v. Palmer,* 468 U.S. 517, 525-526 (1984); *See also Mitchell v. Dupnik,* 75 F.3d 517 (9th Cir. 1996) (jail officials did not violate a prisoner's constitutional rights by searching his legal papers in his cell outside the presence of the inmate).

It also appears, although it is not entirely clear, that Mr. Barton is attempting to state a claim with regard to an infraction he received for sending a letter containing racial slurs to a Department of Corrections officer.  Apparently, the letter was found during a search of his cell. Mr. Barton strongly denies that his letter contained racial slurs and contends that his letter was confidential.  ECF No. 13 at pp. 11-12.  Arguably, these allegations may be construed as due process claim.  Regardless, this Court is prohibited from entertaining such a claim under *Edwards v. Balisok*, 520 U.S. 641, 649 (1997) and *Heck v. Humphrey*, 512 U.S. 477, 487 (1997). These two cases state that a prisoner may not bring a 42 U.S.C. § 1983 claim for damages if a judgment in his favor would "necessarily imply the invalidity of the punishment imposed" at a prison disciplinary hearing.  Mr. Barton does not allege that he properly challenged the infraction and that he has been exonerated at any level for the reasons set forth in that infraction.

Although he was given several opportunities to do so, Mr. Barton has failed to file an amended complaint or an explanation of why he should be allowed to bring a claim relating to the infraction in a § 1983 action.

REPORT AND RECOMMENDATION - 12

**CONCLUSION**

Mr. Barton was given an opportunity to show cause why his complaint should not be dismissed.  He has failed to do so.  His complaint is subject to dismissal for failure to state a claim.  The dismissal should count as a "strike" under 28 U.S.C. § 1915(g).  His motion to stay (ECF No. 46) should be denied as moot.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections.  See also Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal.  *Thomas v Arn*, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **October 25, 2013,** as noted in the caption.

DATED this  4th  day of October, 2013.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 13